UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GERALD BORNSCHEIN,

                        Plaintiff,

    -against-                                      1:17-CV-329 (LEK/CFH)

ANDREW HERMAN, *et al.*,

                        Defendants.
_____

## MEMORANDUM-DECISION AND ORDER

**I.  INTRODUCTION**

Plaintiff Gerald Bornschein commenced this civil rights action against defendants Andrew Herman and Daniel Walsh on March 22, 2017, alleging violations of Plaintiff's rights under the Fourth Amendment, as enforced through 42 U.S.C. § 1983, and New York State law. Dkt. No. 1 ("Complaint"). In June 2017, Defendants separately moved to dismiss the Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. Dkt. Nos. 9 ("Walsh Motion"), 9-1 ("Walsh Memorandum"), 10 ("Herman Motion"), 10-1 ("Herman Memorandum"). For the reasons that follow, both motions are granted.

**II.  BACKGROUND[1]**

Bornschein is a resident of Saugerties, New York, Compl. ¶ 1, where Walsh, a retired Nassau County police officer, resides part-time, id. ¶¶ 3, 12. Bornschein and Walsh own adjacent

---

[1] Because this case is before the Court on a motion to dismiss, the allegations of the Complaint are accepted as true and form the basis of this section. E.g., Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[] all reasonable inferences in her favor").

homes. Id. ¶ 6–9. Walsh purchased his property from Bornschein, who had sub-divided. Id. ¶ 6. To access his property, Walsh uses a narrow right of way that crosses Bornschein's property and extends to the beginning portion of Walsh's driveway. Id. ¶¶ 8–9. Following a property dispute in 2013, Walsh obtained an order of protection requiring Bornschein to "stay away from Walsh's home." Id. ¶¶ 9–10.

On October 24, 2015, Walsh met with Herman, a New York State police officer, at Walsh's home. Id. ¶ 13. The next day, Herman informed Bornschein that Walsh had accused him of trespassing on Walsh's property in violation of the order of protection. Id. ¶ 14. Walsh provided photographs that he claimed, in a sworn deposition, showed Bornschein entering Walsh's property on a tractor on two separate occasions, then quickly accelerating out, "disturb[ing]" the ground. Id. ¶ 20. Bornschein denied entering Walsh's property. Id. ¶ 15. Walsh did not witness the alleged trespass himself, id. ¶ 25, and the photographs provided to Herman were taken by a camera that Walsh had affixed to trees on his property, id. ¶ 19. On October 26, 2015, Herman arrested Bornschein for harassment in the second degree and criminal contempt in the second degree. Id. ¶¶ 16, 18. According to Herman's arrest report, Walsh "urged him to press criminal charges against" Bornschein. Id. ¶ 21. Bornschein hired a criminal defense attorney to defend him against the charges. Id. ¶ 27.

The charges against Bornschein were dismissed on November 21, 2016. Id. ¶ 28. Town of Saugerties Justice Claudia Andreassen concluded that "[t]he photos of Gerald Bornschein merely show him on a road that he is allowed to traverse," and "[t]here is nothing to substantiate claims that [he] was on Mr. Walsh's property." Id. ¶ 29. According to Bornschein, a review of a property map would have revealed that Bornschein never entered Walsh's property. Id. ¶ 31.

Herman did not consult a property map before arresting Bornschein, which Bornschein says "any reasonable police officer would have" done. Id. ¶ 32.

### III.  LEGAL STANDARD

To survive a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. V. Twombly, 550 U.S. 554, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of the plaintiff. Allaire Corp. V. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). Plausibility, however, requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Twombly, 550 U.S. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (quoting Twombly, 550 U.S. at 555). Where a court is unable to infer more than the possibility of misconduct based on the pleaded facts, the pleader has not demonstrated that he is entitled to relief, and the action is subject to dismissal. Id. At 678-79. Nevertheless, "[f]act-specific question[s] cannot be resolved on the pleadings." Anderson News, L.L.C. v. Am. Media, Inc., 680 F.3d 162, 185 (2d Cir. 2012) (second alteration in original) (quoting Todd v. Exxon Corp., 275 F.3d 191, 203 (2d Cir. 2001)). Presented with "two plausible inferences that may be drawn from factual allegations," a court "may not properly dismiss a

complaint that states a plausible version of the events merely because the court finds a different version more plausible." Id.

**IV.   DISCUSSION**

"42 U.S.C. § 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of the right, privilege or immunity secured by the Constitution or the laws of the United States." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Section 1983 does not create any substantive rights; it provides civil litigants a procedure to redress the deprivation of rights established elsewhere. Id. "To prevail on a § 1983 claim, a plaintiff must establish that a person acting under the color of state law deprived him of a federal right." Id.

   **A.  Claims Against Walsh**

      *1.  Section 1983 Claims*

Bornschein first brings a Fourth Amendment false arrest claim and a malicious prosecution claim against Walsh under § 1983. Compl. ¶¶ 36–37. Although Walsh is a retired police officer, it is uncontested that he was not a state actor at the time of Bornschein's arrest. Walsh Mem. at 2–3; Dkt. No. 13 ("Opposition") at 15–16. Bornschein alleges Walsh is liable under § 1983 "[t]o the extent that Walsh conspired with defendant Herman to violate Plaintiff's constitutional rights." Compl. ¶ 3.

A private party is deemed to have acted under color of state law if he conspires with a state actor to violate a plaintiff's constitutional rights. See Charlotten v. Heid, No. 09-CV-891, 2011 WL 3423826, at *11 (N.D.N.Y. Aug. 4, 2011) (Kahn, J.) (noting that a private actor who "conspires with a state official to deprive a criminal defendant of his constitutional rights . . . is

deemed to have been acting under color of state law" (quoting Cruz v. Superior Court Judges, No. 04-CV-1103, 2005 WL 677282, at *5 (D. Conn. Mar. 21, 2005))); Young v. Suffolk County, 705 F. Supp. 2d 183, 195–96 (E.D.N.Y. 2010) (noting that § 1983 "liability also applies to a private party who 'conspires with a state official to violate the plaintiff's constitutional rights'" (quoting Fisk v. Letterman, 401 F. Supp. 2d 362, 378 (S.D.N.Y. 2005))). In order to establish that a private individual conspired for purposes of § 1983, a plaintiff must show that "(1) there was an agreement between the individual and a state actor, (2) 'to act in concert to inflict an unconstitutional injury,' and (3) there was 'an overt act done in furtherance of that goal causing damages.'" Charlotten, 2011 WL 3423826, at *11 (quoting Ciambriello v. County of Nassau, 292 F.3d 307, 324–325 (2d Cir. 2002)).

Bornschein argues that he has adequately pleaded a conspiracy by alleging that "Walsh provided law enforcement with knowingly false information and then urged law enforcement to arrest and criminally charge Plaintiff based on that knowingly false information." Opp'n at 16. His assertion describes facts that simply are not alleged in the Complaint. The Complaint contains a single allegation to support the conspiracy claim against Walsh: "Given the lack of any reasonable basis to arrest and charge Plaintiff it can be concluded that Walsh, a retired police officer, and Herman conspired to violate Plaintiff's constitutional rights, namely to have him arrested and criminally prosecuted without probable cause." Compl. ¶ 33. Bornschein does not allege that Walsh provided knowingly false information to facilitate the arrest. Nor does he allege that Walsh and Herman actually entered an agreement to violate his rights.

Bornschein cites Coakley v. Jaffee, 49 F. Supp. 2d 615 (S.D.N.Y. 1999), aff'd, 234 F.3d 1261 (2d Cir. 2000), to argue against dismissal. Opp'n at 16. In Coakley, the district court

found that the plaintiff had plausibly pleaded a conspiracy by alleging that the private party defendants "wilfully caused [an assistant district attorney] to violate plaintiffs' rights by manipulating the evidence presented to the Grand Jury." 49 F. Supp. 2d at 624. Despite Bornschein's arguments in his Opposition, Opp'n at 15–16, the Complaint contains no such allegations. According to the Complaint, Walsh told Herman that Bornschein had trespassed on his property, Compl. ¶ 14, provided photographs that he claimed showed Bornschein trespassing, id. ¶ 20, provided a sworn statement regarding the photographs, id., and urged Herman to press charges against Bornschein, id. ¶ 21. Bornschein does not allege that Walsh "manipulated" the photographs he gave to Herman or knowingly provided false information. Had he made such allegations, the Complaint might plausibly plead a conspiracy to survive dismissal.

As pleaded, the Complaint offers no more than insufficient conclusory allegations of conspiracy. See Ciambriello, 292 F.3d at 324 ("A merely conclusory allegation that a private entity acted in concert with a state actor does not suffice to state a § 1983 claim against the private entity." (citing Spear v. Town of West Hartford, 954 F.2d 63, 68 (2d Cir. 1992))). The mere fact that Walsh provided inaccurate information to Herman does not support an inference that the two conspired to violate Bornschein's rights. See De Ratafia v. County of Columbia, No. 13-CV-174, 2013 WL 5423871, at *14 (N.D.N.Y. Sept. 26, 2013) ("Although plaintiffs contend that Meleck instigated the invasion of their home by providing false information to [law enforcement], they offer no evidence of a conspiracy."). Because Bornschein has failed to allege the existence of a conspiracy, the § 1983 claims against Walsh must be dismissed.

### 2. *Malicious Prosecution*

Bornschein also brings a malicious prosecution claim against Walsh under New York law. Id. ¶ 38. To state a claim for malicious prosecution, a plaintiff must allege (i) the initiation or continuation of a criminal proceeding against the plaintiff, (ii) termination of the proceeding in the plaintiff's favor, (iii) a lack of probable cause for commencing the proceeding, and (iv) actual malice as a motivation for the defendant's actions. Ying Li v. City of New York, 246 F. Supp. 3d 578, 604 (E.D.N.Y. 2017); Torres v. Jones, 47 N.E.3d 747, 760 (N.Y. 2016) (quoting Broughton v. State, 335 N.E.2d 310, 314 (N.Y. 1975)).[2]

To satisfy the first element, "a defendant must do more than report a crime or give testimony." Manganiello v. City of New York, 612 F.3d 149, 163 (2d Cir. 2010). While malicious prosecution claims are generally brought against arresting or prosecuting officials, "they can also be brought against individuals other than the arresting officer when such a person actively engaged in a plaintiff's prosecution." TADCO Constr. Corp. v. Dormitory Auth. of the State of New York, 700 F. Supp. 2d 253, 270 (E.D.N.Y. 2010) (citing Shattuck v. Town of Stratford, 233 F. Supp. 2d 301, 313–14 (D. Conn. 2002)). A defendant initiates a proceeding when he "play[s] an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." Manganiello, 612 F.3d at 163 (quoting Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000)). A defendant plays an active role when he

---

[2] Ying Li and several of the other cases discussed above involved malicious prosecution claims brought under § 1983. Nonetheless, each case looked to New York law to analyze the elements of a malicious prosecution claim. "Section 1983, in recognizing a malicious prosecution claim when the prosecution depends on a violation of federal rights, adopts the law of the forum state so far as the elements of the claim for malicious prosecution are concerned." Cornejo v. Bell, 592 F.3d 121, 129 (2d Cir. 2010).

"had the plaintiff arraigned, filled out a complaining and corroborating affidavit, or signed a felony complaint." Ying Li, 246 F. Supp. 3d at 605. "Giving information to the police that is known to be false qualifies as the commencement of a prosecution." Rivers v. Towers, Perrin, Forster & Crosby Inc., No. 07-CV-5441, 2009 WL 817852, at *3 (E.D.N.Y. March 27, 2009) (citing Lupski v. County of Nassau, 822 N.Y.S.2d 112, 114 (2d Dep't 2006)); see also Chimurenga v. City of New York, 45 F. Supp. 2d 337, 343 (S.D.N.Y. 1999) ("Where a party is responsible for providing false information or manufactured evidence that influences a decision whether to prosecute, he may be held liable for malicious prosecution.").

Bornschein has not alleged that Walsh played a sufficiently active role in the prosecution to support a malicious prosecution claim. Although Bornschein alleges that Walsh urged Herman to press criminal charges, Compl. ¶ 21, that is not enough to show Walsh played an active role in the prosecution, Manganiello, 612 F.3d at 163; Rothstein v. Carriere, 373 F.3d 275, 294 (2d Cir. 2004). Nor are Walsh's statements in a sworn deposition that the photographic evidence he provided to Herman showed Bornschein trespassing, Compl. ¶ 20, enough to allege that Walsh initiated or continued the prosecution. While he may have been mistaken, a mistake does not support liability for malicious prosecution. See Rivers, 2009 WL 817852, at *3 n.1 ("Merely giving false information to the authorities does not constitute initiation of the proceeding without an additional allegation or showing that, at the time the information was provided, the defendant knew it to be false, yet still gave it to the police or District Attorney." (quoting Lupski, 822 N.Y.S.2d at 114)). As explained above, the Complaint alleges that Walsh supplied inaccurate information to Herman, but it does not allege that he provided "information to the police that is

known to be false," id. at *3, or otherwise provided evidence or testimony which he knew to be misleading or perjurious, Manganiello, 612 F.3d at 163.

In sum, Bornschein has failed to plead that Walsh knowingly and "falsely told police that [Bornschein] was trespassing," TADCO, 700 F. Supp. 2d at 270, or otherwise played an active role in Bornschein's prosecution. Therefore, the malicious prosecution claim fails, and is dismissed.

### B. Claims Against Herman

Bornschein brings two claims against Herman under § 1983: a Fourth Amendment false arrest claim, Compl. ¶ 36, and a malicious prosecution claim, id. ¶ 37. In assessing a false arrest claim under § 1983, courts generally look to the law of state in which the arrest occurred. Russo v. City of Bridgeport, 479 F.3d 196, 203 (2d Cir. 2007). To state a claim for false arrest under New York law, a plaintiff must show "(1) the defendant intended to confine the plaintiff, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement, and (4) the confinement was not otherwise privileged." Burdick v. N.Y. State Police, No. 14-CV-1254, 2015 WL 1954616, at *7 (N.D.N.Y. Apr. 28, 2015) (quoting Savino v. City of New York, 331 F.3d 63, 75 (2d Cir. 2003)). As explained above, a claim for malicious prosecution includes the following elements: (i) the defendant's initiation or continuation of a criminal proceeding against the plaintiff, (ii) a termination of the proceeding in the plaintiff's favor, (iii) a lack of probable cause for commencing the proceeding, and (iv) actual malice as a motivation for the defendant's actions. Ying Li, 246 F. Supp. 3d at 604.

"[G]overnment officials performing discretionary functions generally are granted a qualified immunity and are 'shielded from liability for civil damages insofar as their conduct

does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" Wilson v. Layne, 526 U.S. 603, 609 (1999) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). An officer is entitled to qualified immunity on claims of false arrest and malicious prosecution where he had "'arguable' probable cause" to arrest or prosecute. Caraballo v. City of New York, 526 F. App'x 129, 131 (2013) (quoting Martinez v. Simonetti, 202 F.3d 625, 634 (2d Cir. 2000)); Genovese v. County of Suffolk, 128 F. Supp. 3d 661, 670 (E.D.N.Y. 2015) (quoting Walczyk v. Rio, 496 F.3d 139, 163 (2d Cir. 2007)). "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met. Tucker v. Decker, 683 F. App'x 20, 22 (2d Cir. 2017) (quoting Garcia v. Does, 779 F.3d 84, 92 (2d Cir. 2015)). Probable cause exists when an officer "has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." Waldron v. Milana, No. 10-CV-65, 2012 WL 3929898, at *6 (N.D.N.Y. Sept. 10, 2012) (quoting United States v. Valentine, 539 F.3d 88, 93 (2d Cir. 2008)).

"[F]or the purpose of qualified immunity and arguable probable cause, police officers are entitled to draw reasonable inferences from the facts they possess at the time . . . based upon their own experiences." Cerrone v. Brown, 246 F.3d 194, 203 (2d Cir. 2001). Further, an "arresting officer advised of a crime by a person who claims to be the victim, and who has signed a complaint or information charging someone with the crime, has probable cause to effect an arrest absent circumstances that raise doubts as to the victim's veracity." Lee v. Sandberg, 136 F.3d 94, 103 (2d Cir. 1997) (quoting Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995));

see also McKinney v. George, 726 F.2d 1183, 1187 (7th Cir. 1984) ("If policemen arrest a person on the basis of a private citizen's complaint that if true would justify the arrest, and they reasonably believe it is true, they cannot be held liable for a violation of the Constitution merely because it later turns out that the complaint was unfounded.").

Based on the facts alleged in the Complaint, Herman had arguable probable cause to arrest and charge Bornschein. There were two main pieces of evidence available to Herman at the time of the arrest, the photographs Walsh provided and Walsh's sworn statements that the photographs showed Bornschein entering his property. Compl. ¶¶ 19–20. Herman also knew that there was a prior property dispute between Walsh and Bornschein that resulted in an order of protection against Bornschein. Id. ¶ 14. The photographs Walsh provided to Herman showed Bornschein on the beginning portion of Walsh's driveway, off the access road, which leads to Walsh's residence. Id. ¶ 23.

Bornschein does not allege that Herman knew the exact location of the property boundary or that he had reason to doubt Walsh's description of the property line. Under the circumstances, it was reasonable for Herman to rely on Walsh's representations regarding the property line. See Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006) ("[A] law enforcement official has probable cause to arrest if he received his information from some person, normally the putative victim or eyewitness." (quoting Martinez, 202 F.3d at 634)); Caldarola v. Calabrese, 298 F.3d 156, 163 (2d Cir. 2002) ("[I]f an unquestionably honest citizen comes forward with a report of criminal activity—which if fabricated would subject him to criminal liability . . . rigorous scrutiny of the basis of his knowledge [is] unnecessary." (third alteration in original) (quoting Illinois v. Gates, 462 U.S. 213, 233–34 (1983))). The Complaint does not allege that Herman had

any reason to question Walsh's report. The fact that Walsh turned out to be mistaken about the trespass, Compl. ¶ 29, does not mean Herman was unreasonable to rely on his statements, see, e.g., Lee, 136 F.3d at 103 (finding that officer defendants had arguable probable cause to arrest the plaintiff based on a victim's falsified report of domestic violence). Nor is this a case where the arresting officer had "no basis . . . to believe" that Bornschein had violated the protective order. Genovese, 128 F. Supp. 3d at 670–71 (denying qualified immunity on a malicious prosecution claim where "there was no basis for [the defendant officer] to believe that plaintiff had committed the crime of criminal trespass in the third degree"). Based on the information available at the time of the arrest, a reasonable officer could conclude that Bornschein had violated the order of protection.

The fact that Bornschein denied trespassing on Walsh's property, Compl. ¶ 15, does not alter this conclusion. Arguable probable can still exist when a suspect provides an innocent explanation, contradictory to other reasonably trustworthy information. Panetta, 460 F.3d at 395–96 (citing United States v. Fama, 758 F.2d 834, 838 (2d Cir. 1985)). In addition, "an officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." Id. at 396; see also Cerrone, 246 F.3d at 203 ("[A] police officer is not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." (quoting Martinez, 202 F.3d at 635)). Because Herman had no obligation to resolve the contradictory explanations at the time of arrest, he had arguable probable cause to arrest Bornschein based on the information he possessed at the time.

Therefore, Herman is entitled to qualified immunity on Bornschein's false arrest and malicious prosecution claims.

## V.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Walsh's Motion (Dkt. No. 9), is **GRANTED**; and it is further

**ORDERED**, that Herman's Motion (Dkt. No. 10), is **GRANTED**; and it is further

**ORDERED**, that the Complaint is **DISMISSED** pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**


DATED:   January 18, 2018
         Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge